[Civ. No. 5923. First Appellate District, Division Two.—October 18, 1927.]

PETER GUALCO, Appellant, v. CITY OF BAKERSFIELD et al., Respondents.

[Civ. No. 5924. First Appellate District, Division Two.—October 18, 1927.]

ALBERT M. JONES et al., Appellants, v. CITY OF BAKERSFIELD et al., Respondents.

[Civ. No. 5925. First Appellate District, Division Two.—October 18, 1927.]

L. J. BENZINO et al., Appellants, v. CITY OF BAKERSFIELD et al., Respondents.

[Civ. No. 5926. First Appellate District, Division Two.—October 18, 1927.]

E. B. KNIGHT, Appellant, v. CITY OF BAKERSFIELD et al., Respondents.

[Civ. No. 5927.   First Appellate District, Division Two.—October 18, 1927.]

ELIZA J. BAKER, Appellant, v. CITY OF BAKERS-FIELD et al., Respondents.

[Civ. No. 5928.   First Appellate District, Division Two.—October 18, 1927.]

MRS. F. C. JUMP et al., Appellants, v. CITY OF BAKERS-FIELD et al., Respondents.

[Civ. No. 5929.   First Appellate District, Division Two.—October 18, 1927.]

HARRIET F. SANBORN, Appellant, v. CITY OF BAKERSFIELD et al., Respondents.

[Civ. No. 5930.   First Appellate District, Division Two.—October 18, 1927.]

FRANK L. VEGA, Appellant, v. CITY OF BAKERS-FIELD et al., Respondents.

[Civ. No. 5931.   First Appellate District, Division Two.—October 18, 1927.]

J. H. COLLINS, Appellants, v. CITY OF BAKERSFIELD et al., Respondents.

T. F. Allen for Appellants.

Brittan & Brittan for Respondents.

KOFORD, P. J.—These actions, consolidated into one appeal, are all for the purpose of quieting title against certain street assessement liens arising from public proceedings taken for the paving of certain portions of Twentieth and Twenty-first Streets in the City of Bakersfield. Judgment was for defendants upon demurrers to the complaints.

Appellants advance two main reasons for the invalidity of the assessment liens. First: That in addition to following the procedure of the Improvement Act of 1911, which requires notice for bids to be published for two days only, the public authorities of the city should have gone further and published this notice for five days because of the provisions of section 136 of the charter of the City of Bakersfield. (Stats. 1915, p. 1552.)

Section 136 of the charter provides: "In the erection, improvement and repair of all public buildings and works, and in furnishing any supplies and materials for the same, or for any other use by the city, when the expenditure required for the same exceeds the sum of five hundred dollars, the same shall be let by contract, and shall be let to the lowest responsible bidder, after advertising for sealed proposals for the work contemplated for five consecutive days in the official newspaper. . . . "

The charter does not contain any clause expressly providing for public proceedings for street improvement, but such are provided for by section 161 in an indirect way. This section reads as follows:

"Section 161. Whenever any municipal function or affair arises, for which no provision is made by this Charter or ordinance, the law of the state applicable thereto shall govern. Any law of the state applicable may be made the law of the city by ordinance."

Street improvement by assessment proceedings is a well-known and recognized function of municipalities and it is likewise known to require a complete scheme of procedure by which its cost may be legally assessed against the property benefited by it. Inasmuch as the charter makes no direct reference to street improvement proceedings and

does not prescribe a method for taking such proceeding, the effect of section 161 above quoted is to say that such improvements shall be done according to the general law governing that subject matter. If, therefore, it be conceded any conflict exists between section 136 and the Street Improvement Act of 1911, it would not be a conflict which should be resolved in favor of section 136 on account of the matter being a municipal affair. It would be a conflict between two sections of the charter—one section of the charter saying advertise five days and the other saying do it according to general law, viz., advertise two days.

█ In construing these two sections of the charter the principle of statutory interpretation applicable is that specific provisions shall prevail over general ones. (Code Civ. Proc., sec. 1859; 23 Cal. Jur., p. 732, and cases cited.) With this principle in mind, it follows that it is not the purpose nor intention of section 136 to prescribe rules for any part of street improvement assessment proceedings initiated under the provisions of any of the several general laws enacted for that purpose.

█ The second point raised by appellants is that the complaints show that competitive bidding was destroyed by the requirement in the specifications that all bids must be made with the understanding that Warrenite bitulithic wearing surface purchased from Warren Bros. Company at nine dollars per ton be used in the street work. The complaints were drawn up on the theory that the requirement of this particular pavement from Warren Bros. Company was a fraud. This theory, apparently untenable under the allegations of the complaints, has been abandoned by appellants and it is now claimed that the complaints contain enough allegations to show that the proceedings prohibited competitive bidding by street contractors, and were, therefore, void regardless of fraud.

A written agreement or offer of Warren Bros. Company was incorporated in the complaints and was alleged to be referred to in the advertisement for bids. This agreement or offer was in the customary form. (*Woodworth* v. *Sebastopol*, 72 Cal. App. 187 [236 Pac. 981]; *Warren Bros. Co.* v. *Boyle*, 42 Cal. App. 246 [183 Pac. 706].) It recited that the specifications called for the use of certain patented pavement material, that such patents were owned by Warren

Bros. Company and in order to provide for competitive bidding and at the same time secure the adoption of Warrenite bitulithic for the improvement, the company offered and agreed to furnish the material with considerable detail as to time, place, and condition at nine dollars per ton to any bidder or to the owners in case they elected to do the work themselves. That such procedure and requirement of patented material does not destroy competitive bidding within the meaning of the statutes is well established by the decisions. (*Woodworth* v. *Sebastopol, supra,* and cases cited.)

In the closing brief appellants point out where the complaints allege that in truth and in fact said Warren Bros. Company had no existing or valid patents covering the mixture called for by the specifications and that the same mixture could be obtained and used without let or hindrance of said company and at a cheaper price. Counsel has cited no authority to the effect that an unpatented material may not be required from a particular source. We see no distinction in principle between a patented material and a material which may be otherwise monopolized as by most favorable location or known special skill in preparation of the same. Some discretion is necessarily left to the city authorities as to how streets shall be paved and as to what materials and workmanship shall be used. Undoubtedly opinions differ as to what pavement and what material is best and cheapest. ■ It is only where such requirements impose an unjust or unreasonable burden upon the property owners that courts will interfere and declare the assessment invalid for that reason. (*Stanwood* v. *Carson,* 169 Cal. 640, 649 [147 Pac. 562].) ■ In view of the numerous cases which appear in our reports in which Warrenite bitulithic is recognized as a patented material, and in view of the rule that an uncertain allegation may be construed against the pleader, we are justified in construing the alternative allegation in the complaints, viz., "had no existing or valid patents," as only an allegation of invalidity of existing patents. In administering this business of the city, the city authorities may decide that it is better, more competitive, more expeditious, and cheaper to put all bidders upon the same footing rather than invite them to buy a lawsuit with even a pretended patentee, by requiring the use of the mixture

without recognizing the patent. This court cannot substitute its discretion for that of the city authorities. We are unable to see from the complaints how their action has imposed an unjust burden upon the property owners. It is equally probable that they have protected them from such burden by the specifications.

The judgments are affirmed.

Sturtevant, J., and Nourse, J., concurred.